IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHAUN BRENT SMITH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-251 |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC | § | |
| and FLAGSTAR BANK, F.S.B., | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a) and 1441, Lakeview Loan Servicing, LLC ("Lakeview") and Flagstar Bank, FSB ("Flagstar") (collectively "Defendants") remove this action from the 75th Judicial District Court of Liberty County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, and in support thereof would show unto the Court the following:

### I.   STATE COURT ACTION

1. On June 6, 2022, Plaintiff Shaun Brent Smith ("Plaintiff" or "Smith") filed his Original Petition, Application for Temporary Restraining Order, Temporary Injunction, and Request for Disclosures (the "Complaint"), *Shaun Brent Smith v. Lakeview Loan Servicing, LLC and Flagstar Bank, F.S.B.*; Cause No. 22DC-CV-00754, in the 75th Judicial District Court of Liberty County, Texas.

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 75th Judicial District Court of Liberty County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiff alleges causes of action centered around the foreclosure of the real property commonly known as 1377 County Road 3011, Dayton, Texas 77535 (the "Property"). Plaintiff seeks injunctive relief and damages for breach of contract, violations of Tex. Prop. Code § 51.002, declaratory judgment as to procedural defects, declaratory judgment as to standing, suit to remove cloud and quiet title, and suit in equity to enforce equitable right of redemption.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 75th Judicial District Court of Liberty County, Texas and obtained by Defendants are attached hereto. In support of this removal, please find attached as follows:

**Exhibit A:** Civil Cover Sheet;

**Exhibit B:** State Court Docket Sheet;

**Exhibit C:** State Court File;

**Exhibit D:** List of all parties and counsel of record, including addresses, telephone numbers, and parties represented; and

**Exhibit E:** Liberty County Appraisal District Record.

## II. TIMELINE FOR NOTICE OF REMOVAL

5. Defendants have not been served in this action and Plaintiff has not requested service. Less than thirty (30) days have passed since Defendants received unofficial notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

      **a.**      **Diversity of Citizenship**

      7.      Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

      8.      This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

      9.      Pursuant to Plaintiff's Complaint, Plaintiff is a citizen of Liberty County, Texas.

      10.      Defendant Lakeview Loan Servicing, LLC is a Florida limited liability company. The citizenship of a limited liability company depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Lakeview Loan Servicing, LLC's sole member is Bayview MSR Opportunity Corp. A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Bayview MSR Opportunity Corp. is incorporated by the State of Delaware and maintains its principal office in Coral Gables, Florida. Bayview MSR Opportunity Corp. is therefore a citizen of both Delaware and Florida. Based on the foregoing, Lakeview Loan Servicing, LLC is a citizen of Delaware and Florida for diversity purposes.

      11.      Defendant Flagstar Bank, F.S.B. is a federal savings bank and is wholly owned by Flagstar Bancorp, Inc. Flagstar's citizenship is determined by the location of its main offices as set forth in their respective articles of association. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Flagstar Bancorp, Inc. is incorporated under the laws of the State of Michigan and Flagstar's main office, as designated in its registration, is located in Michigan. Therefore, Flagstar is a citizen of Michigan for diversity purposes

12. Plaintiff is a citizen of the State of Texas, Defendant Lakeview is a citizen of Delaware and Florida, and Defendant Flagstar is a citizen of Michigan, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. *See* 28 U.S.C. §1332(a)(1).

### b. Amount in Controversy Exceeds $75,000

13. Although Plaintiff's Complaint does not specifically allege the amount in controversy, it is clear from review of Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

14. The Complaint seeks injunctive relief preventing Defendants from foreclosing on the Property and damages related to the foreclosure on the Property. "In actions seeking declaratory relief or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010); *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)).

15.     The Fifth Circuit has continually held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Farkas v. GMAC Mortg., L.L.C.,* 737 F.3d 338 (5th Cir. 2013); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); *see also Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

16.     The most recent tax appraisal for the Property valued it at $418,490.[1] This alone satisfies the $75,000 requirement. *See Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property and Plaintiff's Complaint, it is apparent on the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000.

## IV.     VENUE

17.     Venue for this Removal is proper in the United States District Court for the Eastern District of Texas, Beaumont Division, because this district and division includes Liberty County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

## CONCLUSION

WHEREFORE Defendants Lakeview Loan Servicing, LLC and Flagstar Bank, FSB remove this action from the 75th Judicial District Court of Liberty County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[1] *See* Exhibit E – 2022 Appraised value from Liberty County Texas Appraisal District.

*Defendants' Notice of Removal*  Page 5 of 6
H610-2181 / BDF 9464389 Smith

Respectfully submitted,

By:     /s/ *Shelley L. Hopkins*
       Shelley L. Hopkins
       State Bar No. 24036497
       HOPKINS LAW, PLLC
       3 Lakeway Centre Ct., Suite 110
       Austin, Texas 78734
       (512) 600-4320
       BARRETT DAFFIN FRAPPIER
       TURNER & ENGEL, LLP - *Of Counsel*
       ShelleyH@bdfgroup.com
       shelley@hopkinslawtexas.com

       Robert D. Forster, II
       State Bar No. 24048470
       BARRETT DAFFIN FRAPPIER
       TURNER & ENGEL, LLP
       4004 Belt Line Road, Ste. 100
       Addison, Texas 75001
       (972) 386-5040
       (972) 341-0734 (Facsimile)
       RobertFO@bdfgroup.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure, the foregoing has been filed with the Court via CM/ECF and I certify that a true and correct copy of the foregoing has been sent on this the 13th day of June 2022 to all parties of record.

***VIA ECF*:**
Robert C. Lane
Joshua D. Gordon
Christopher C. West
The Lane Law Firm, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
notifications@lanelaw.com
joshua.gordon@lanelaw.com
chris.west@lanelaw.com
**ATTORNEYS FOR PLAINTIFF**

       /s/ *Shelley L. Hopkins*
       Shelley L. Hopkins